# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Bennie E. Leavell, Jr.

May 2, 2000

Case No. CR99-5123/90-3523F12 and 90-3525F12-1

BY JUDGE JEROME JAMES

This matter comes before the Court on the defendant's motion to vacate void judgments. The defendant claims that the Court did not have jurisdiction to hear his case, and therefore, the convictions and sentences returned by the Court are void. For the reasons set forth below, the defendant's motion is denied.

On October 29, 1990, the defendant was charged in the Juvenile and Domestic Relations Court of the City of Norfolk with capital murder, robbery, and use of a firearm. The defendant's mother was present at the preliminary and transfer hearing on December 3, 1990, but the defendant's father was not present. The defendant was transferred to the Norfolk Circuit Court where he was subsequently convicted of first degree murder and robbery. The defendant now contends that his father was not served with notice of the proceedings in Juvenile Court.

The defendant argues that the circuit court lacked jurisdiction to try him as an adult because the Juvenile and Domestic Relations Court failed to comply with the mandatory notice requirements of Va. Code § 16.1-263 concerning the initiation of proceedings in juvenile court. In support of his argument, the defendant includes an affidavit of his father, Bennie Leavell, Sr., wherein the defendant's father states that he was never notified, either orally or in writing, by the Juvenile and Domestic Relations Court regarding

the criminal prosecution of the defendant. The defendant also includes a Record of Proceedings from the Norfolk Juvenile and Domestic Relations Court which indicates that only the defendant's mother was present at the transfer hearing.

The transfer order from the Norfolk Juvenile and Domestic Relations District Court, signed by Judge Martin, is sufficient on its face for this Court to conclude that sufficient notice was given to the defendant's father. The transfer order from the Juvenile and Domestic Relations Court of the City of Norfolk recites that "a transfer hearing was conducted pursuant to proper notice to the juvenile [and] the juvenile's parents." This transfer order is presumed correct and accurate. A court order, to which the defendant does not object within 21 days of its entry, is presumed to be the "final pronouncement on the subject," and an appellate court may presume that the order, rather than a transcript, "accurately reflects what transpired." *Thomas v. Commonwealth*, 16 Va. App. 851, 861, 434 S.E.2d 319, 325 (1993).

The recitation of compliance with jurisdictional requirements found in the transfer order, although not necessarily conclusive, raises a presumption of reliability. This recitation becomes credible if that presumption is not rebutted by objection within 21 days of the order's entry. Thus, the transfer order, to which no objection was raised for almost ten years, is viewed as credible evidence of a jurisdictional fact. The defendant cannot now attempt to go behind a written court order and impeach it with an affidavit almost ten years after the fact. The affidavit submitted by the defendant's father, made almost ten years after his son's conviction, does not effectively rebut the presumption of accuracy accorded to the juvenile court's transfer order.

According to the Court's records, notice of the transfer hearing was given to the defendant's parents pursuant to the statute. The record from the transfer hearing which indicates that the defendant's father was not present in court is not sufficient evidence to prove that the defendant's father did not receive notice of the proceedings. Therefore, the Court denies the Motion to Vacate Void Judgments.